**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 04-cv-01594-REB-BNB

LESLIE J. ROHR,

Plaintiff,

v.

HOME LOANS CORPORATION, d/b/a EXPANDED MORTGAGE CREDIT, and COUNTRYWIDE HOME LOANS, INC.,

Defendants.

**ORDER**

**Blackburn, J.**

This matter is before me on defendant Countrywide Home Loans Inc.'s Motion to Dismiss or for Summary Judgment [#13], filed September 13, 2004. Defendant Home Loan Corporation, d/b/a Extended Mortgage Credit, filed a joinder in support of the Motion on October 29, 2004. I find that the motion should be granted and that the Complaint should be dismissed *en toto*.

**I. JURISDICTION & STANDARD OF REVIEW**

I find that this court does not have jurisdiction over the plaintiff's claims to the extent the plaintiff seeks rescission of the mortgage loan that is the subject of this case. Aside from the claim for rescission, the plaintiff's claims are based on federal statutes and regulations, and I have federal question jurisdiction over the balance of the plaintiff's claims. 28 U.S.C. § 1331. As a preliminary matter, I must liberally construe the pleadings of a *pro se* plaintiff. **Haines v. Kerner**, 104 U.S. 519, 520-21

(1972).  Nevertheless, I cannot act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure.  **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).

## A.  Standard of Review - Jurisdiction

The standard of review for determining subject matter jurisdiction under Rule 12(b)(1), Fed. R. Civ. P., is described as follows:

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint.  In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends.  When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations.  A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.
>
> However, a court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case.  The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case.

**Holt v. United States**, 46 F.3d 1000, 1003 (10th Cir. 1995) (citations omitted).

## B.  Standard of Review - Summary Judgment

I analyze the defendant's Motion as one for summary judgment under FED. R. CIV. P. 56.[1]  In ruling on a motion for summary judgment, the facts must be viewed in the light most favorable to the party opposing the motion and that party must be afforded the benefit of all reasonable inferences to be drawn from the evidence. ***Adickes v. S. H. Kress & Co.***, 398 U.S. 144, 157 (1970).  Fed. R. Civ. P. 56(c), provides that summary judgment may be rendered if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating the absence of genuine issues of material fact.  ***Celotex Corp. v. Catrett***, 447 U.S. 317, 323 (1986). The party opposing the motion is then required to go beyond the pleadings and designate evidence of specific facts showing that there is a genuine issue of material fact for trial.  ***Id.*** at 324.

---

[1] The plaintiff responds to the defendant's Motion as if it were solely a motion to dismiss pursuant to Rule 12(b)(6).  *In Answer to Defendants' Motion to Dismiss Plaintiff's Motion to Dismiss*, filed October 13, 2004 (the "Response").  The defendant's Motion is entitled "Motion to Dismiss or for Summary Judgment," however, and the Motion relies on attached evidence.  Consequently, the plaintiff was on notice that the Motion – on its face – seeks summary judgment pursuant to Fed. R. Civ. P. 56.  The plaintiff was, therefore, afforded a full opportunity to present her own evidence in response to the Motion but failed to do so.

## II.  UNDISPUTED MATERIAL FACTS

Unless noted otherwise, the following facts are undisputed. The plaintiff obtained an adjustable rate mortgage from defendant Home Loans Corporation d/b/a/ Expanded Mortgage Credit ("Home Loans").  *Motion*, p. 1; Affidavit of Jennifer Gordon (first attachment to the Motion), ¶¶ 2-3; Exhibit A.  The plaintiff executed the Adjustable Rate Note on December 17, 2002.  *Id.* at Exhibit A, pp. 1, 4.  *See also* "Verified Complaint and Injunctive Relief Jury Trial of 12 Requested" (the "Complaint"), p. 2, ¶ 6.  Credit under the Adjustable Rate Note was extended to the plaintiff on December 17, 2002.  *Motion*, p. 1, ¶ 1.  The Adjustable Rate Note limits the rate of interest charged to a maximum of 14.875%.  *Id.* at p. 2, ¶ 4(D).

The loan was assigned subsequently to defendant Countrywide Home Loans ("Countrywide").  *Id.* at p. 1; Affidavit of Jennifer Gordon, ¶¶ 2-3.  The plaintiff failed to make payments, and Countrywide commenced a public trustee's sale.  *Id.*  The property securing the loan was sold at the public trustee's sale on May 26, 2004.  *Id.*; Exhibit D.  The District Court of Jefferson County, Colorado, approved the sale on July 20, 2004.  *Id.* at Exhibit D.

The plaintiff filed her Complaint on August 2, 2004.  The Complaint asserts twenty-five claims under the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"), based on the loan transaction.[2]  *Complaint*, pp. 3-15.  *See also Response*, p. 1, ¶ B.

---

[2]To the extent the plaintiff attempts to bring claims other than those I identify, the claims are unintelligible and will not be recognized.  **See Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based").  In addition, to the extent the plaintiff's Response attempts to assert claims other than those brought in the Complaint, I will not address claims raised for the first time in a brief opposing a dispositive motion.

The plaintiff seeks statutory damages for alleged violations of TILA, rescission of the loan with return of all payments made on the loan, and costs. *Complaint*, p. 16.

### III. ANALYSIS

#### A. Rooker-Feldman Doctrine

The parties do not address the applicability of the Rooker-Feldman doctrine to this action. However, the record establishes that the Court does not have subject matter jurisdiction over the plaintiff's claims to the extent the plaintiff seeks rescission of the state court's approval of the public trustee's sale. I must address the Court's subject matter jurisdiction regardless of the parties' failure to address it. Fed. R. Civ. P. 12(h)(1) (stating that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action"); **Guttman v. Khalsa**, 401 F.3d 1170, 1173 n.2 (10th Cir. 2005) (stating that the Rooker-Feldman doctrine "operates as a subject-matter jurisdictional bar that may be raised at any time").

Determination of the applicability of the Rooker-Feldman doctrine[3] doctrine presents a factual challenge to the court's subject matter jurisdiction. Therefore, I do not presume the truthfulness of the factual allegations in the Complaint. Instead, I have wide discretion to consider affidavits and other documents to resolve any disputed jurisdictional facts. *Holt*, 46 F.3d at 1003. The Rooker-Feldman doctrine is derived from 28 U.S.C. § 1257 which provides that federal review of state court judgments can be obtained only in the United States Supreme Court. **Kenmen**

---

[3] The doctrine takes its name from **Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S. Ct. 149 (1923)** and **Dist. of Columbia Ct. of App. v. Feldman, 460 U.S. 462, 103 S. Ct. 1303 (1983)**.

5

***Engineering v. City of Union***, 314 F.3d 468, 473 (10th Cir. 2002). The Rooker-Feldman doctrine "prohibits a lower federal court from considering claims actually decided by a state court and claims inextricably intertwined with a prior state-court judgment." ***Id***. (internal quotations and citations omitted).

The plaintiff seeks, *inter alia*, to rescind the mortgage loan funded by the defendants. The plaintiff's claim for rescission was not decided by the state court. Therefore, the issue before me is whether the plaintiff's claim for rescission is inextricably intertwined with the state court judgment.

"Where a plaintiff seeks a remedy that would 'disrupt or undo' a state court judgment, the federal claim is inextricably intertwined with the state court judgment." ***Crutchfield v. Countrywide Home Loans***, 389 F.3d 1144, 1148 (10th Cir. 2004) (citing ***Kenman***, 314 F.3d at 478). Here, the Jefferson County District Court approved the sale of the property at public auction. *Motion*, Exhibit D. The effect of the state court judgment was to foreclose the lien of the deed of trust on the property. ***See Crutchfield***, 389 F.3d at 1148. The plaintiff is requesting that this Court rescind the mortgage loan. However, rescission of the mortgage loan would effectively undo the state court judgment. ***See id***. The Rooker-Feldman doctrine prohibits this Court from awarding a remedy that would "disrupt or undo" the state court's judgment. Accordingly, the Complaint must be dismissed for lack of subject matter jurisdiction to the extent the plaintiff seeks rescission of the mortgage loan.

### B.  Statute of Limitations

With the exception of the plaintiff's claim that the loan was usurious,[4] the plaintiff's remaining claims seek statutory damages for the defendants' alleged failure to comply with the disclosure requirements of TILA.  An award of statutory damages for disclosure violations would not disrupt or undo the state court's judgment.  ***See Whigham v. Beneficial Finance Co. of Fayetteville, Inc.***, 599 F.2d 1322, 1324 (4th Cir. 1979).  Therefore, the plaintiff's remaining claims are not barred by the Rooker-Feldman doctrine, and the Court has subject matter jurisdiction over them.

The defendants assert that the plaintiff's remaining claims are barred by TILA's statute of limitations.  Actions for civil liability under TILA must be brought "within one year from the date of the occurrence of the violation."  15 U.S.C. § 1640(e).  "A violation occurs, and the one year limitations period begins to run, 'when credit is extended through the consummation of the transaction between the creditor and its customer without the required disclosures being made.'"  ***Betancourt v. Countrywide Home Loans, Inc.***, 344 F. Supp .2d 1253, 1258 (D. Colo. 2004) (quoting ***Dryden v. Lou Budke's Arrow Finance Co.***, 630 F.2d 641, 646 (8th Cir. 1980)).

The plaintiff executed the adjustable rate mortgage on December 17, 2002.  *Motion*, Exhibit A, p. 1.  Credit under the Adjustable Rate Note was extended to the plaintiff on or before December 17, 2002.  *Id.* at ¶ 1 (specifying the plaintiff's obligation to make payments in return for the loan she received).  Therefore, the defendants' alleged failure to provide the required TILA disclosures triggered the statute of

---

[4] The usury claim is discussed below.

7

limitations on December 17, 2002. Thus, the plaintiff had until December 17, 2003, to file an action alleging TILA disclosure violations. She did not file this action until August 2, 2004. Consequently, the plaintiff's claims are barred by the one-year limitations period prescribed in section 1640(e).

The plaintiff asserts that the statute of limitations does not bar Claims 13, 14, 15, 16, 18, and 24 because the alleged violations are ongoing. *Response*, p. 3, § B. Claims 13, 14, 16, 18, and 24 allege that the defendants failed to make various required TILA disclosures at the time of the transaction.[5] The Tenth Circuit Court of Appeals rejected a theory of continuing disclosure violations in *Stevens v. Rock Springs National Bank*, 497 F.2d 307 (10th Cir. 1974):

> [V]iolation of the disclosure requirements, with the possible exception of those respecting the limited right of rescission under 15 U.S.C. § 1635, occurs at a specific time from which the statute will then run. Thus it does not necessarily become a continuing failure or breach. Additional support for this proposition is provided by other provisions of the Act, and by Regulation Z (12 C.F.R. § 226), the administrative interpretation of the Act by the Board of Governors of the Federal Reserve System. 15 U.S.C. § 1639 identifies the disclosures which must be made with respect to particular types of consumer loans. Subsection (b) of that section requires that, with certain exceptions, those disclosures 'shall be made before the credit is extended.' Such timing seems consistent with and essential to the principal objective of the Act which, as stated in 15 U.S.C. § 1601, is to enable the consumer 'to compare more readily the various credit terms available to

---

[5]Claim 24 alleges "FAILURE TO GIVE PROPER NOTICE OF DEFAULT AND RIGHT TO CURE AND ACCELERATION NOTICE, IN VIOLATION OF 12 USC 2601 ET SEQ. 15 USC SECTION 1601, ET. [sic] SEQ. AND TITLE 12 CODE OF FEDERAL REGULATIONS, SECTION 226.18. *Complaint*, p. 15. Section 226.18 of the Code of Federal Regulations addresses the content of disclosures. Section 226.18(p) requires that the creditor provide the consumer notice that the consumer should refer to the appropriate contract document for information about nonpayment, default, and the right to accelerate the maturity of the obligation. Therefore, I construe Claim 24 as a claim for failure to make required TILA disclosures.

8

> him and avoid the uninformed use of credit.' Regulation Z more definitely prescribes the timing requirement by requiring that the disclosure be made 'before the transaction is consummated.' 12 C.F.R. § 226.8(a).

497 F.2d at 309-10.

The plaintiff's claim that the defendants' alleged disclosure violations are continuing is precluded by ***Stevens***. The disclosure violations alleged in Claims 13, 14, 16, 18, and 24 occurred on December 17, 2002, and claims based on those alleged violations are barred by the statute of limitations. *Id*.

In Claim 15, the plaintiff alleges that the defendants charged acceleration fees, resulting in usurious interest in violation of 12 U.S.C. § 2610 *et seq*. *Complaint*, p. 10 ¶ 72. However, section 2610 does not govern usury. Rather, it precludes certain fees from being charged for the preparation of loan documents. Moreover, under Colorado law, usury occurs when an annual percentage rate exceeds 45 per cent. §5-12-103(1), C.R.S. The annual percentage rate in this matter "will never be greater than 14.875% or less than 7.875%." *Motion*, Exhibit A, p. 2, ¶ 4(D). The plaintiff does not provide any evidence that a higher interest rate was charged. The plaintiff's conclusory and unsupported claim of ongoing usury does not create a genuine issue of material fact.

## IV.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1) That the reference of Countrywide Home Loans Inc.'s Motion to Dismiss or for Summary Judgment [#13], filed September 13, 2004, to Magistrate Judge Boland is **WITHDRAWN** in order to streamline the resolution of this case;

2)  That defendant Countrywide Home Loans Inc.'s Motion to Dismiss or for Summary Judgment [#13], filed September 13, 2004, is **GRANTED**;

3)  That under FED. R. CIV. P. 12(b)(1), the Complaint and this case are **DISMISSED** for lack of subject matter jurisdiction to the extent the plaintiff seeks rescission of the mortgage loan;

5)  That under FED. R. CIV. P. 56, defendant Countrywide Home Loans' Motion to Dismiss or for Summary Judgment is **GRANTED** as to each of the plaintiff's other claims;

6)  That **JUDGMENT SHALL ENTER** in favor of the defendants, and against the plaintiff, on each of the plaintiff's claims, except for the plaintiff's claim for rescission of the mortgage loan;

7)  That the Complaint and this action are **DISMISSED** in their entirety; and

8)  That the defendants are **AWARDED** their costs, to be taxed by the Clerk of the Court pursuant to FED. R. CIV. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

Dated August 22, 2005, at Denver, Colorado.

BY THE COURT:

s/ Robert E. Blackburn
Robert E. Blackburn
United States District Judge